LAW OFFICE OF ANTHONY CECUTTI
217 Broadway, Suite 707
New York, New York 10007
Phone: (212) 619-3730
Cell: (917) 741-1837
Fax: (212) 962-5037
anthonycecutti@gmail.com

October 15, 2020

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: United States v. Justin Rivera; 19 Cr. 131 (PAE)**

Dear Judge Engelmayer:

As the Court is aware, we represent Justin Rivera in the above matter. We write in advance of tomorrow's conference to further discuss our access to Mr. Rivera and Mr. Rivera's access to discovery at the Metropolitan Correctional Center ("MCC").

1. **Counsel's Access to Mr. Rivera**

Since our last conference, we spoke with the Federal Defenders, who oversee scheduling phone and video calls with incarcerated individuals and their attorneys and defense teams, about having recurring communications with Mr. Rivera. Federal Defenders was able to set up a recurring schedule, whereby we can have a weekly one-hour phone call and a weekly one-hour video call. Such calls have occurred this week and will continue on a weekly basis.

With the Government's assistance, we were also able to meet Mr. Rivera for the first time on Wednesday, October 14, 2020 in the USMS cellblocks on the 4th floor of the courthouse. Our meeting lasted over 4 hours. While we were appreciative of the opportunity to meet with Mr. Rivera, there were significant limitations. First, Mr. Rivera was handcuffed the entire time. Second, he was not permitted to have a pen, writing pad or any of his legal notes or materials. Finally, we were unable to share any materials with him or meaningfully review any discovery.

We submitted a request to meet with Mr. Rivera next week and have specifically requested that he not be handcuffed, be permitted to have a pen, writing pad and his legal notes and materials. We were notified today, by Paul Brunhuber and Tracy Amaladas, of USMS, that Mr. Rivera is permitted to have his legal materials and a pad. However, he is

not permitted to have a pen in the USMS cellblock, and he must remain in restraints at all times. While it will be helpful for Mr. Rivera to have access to some of his legal materials during our meetings, we believe he should not be restrained, as he is alone in a secure room. Further, he should be allowed to use a pen or other approved writing instrument so he can take notes during our meetings.

### 2. Mr. Rivera's Access to Discovery

Since the last conference, we have been in communication with the Government concerning Mr. Rivera's access to discovery. The Government agreed to produce all the prior non-sensitive material from discovery productions on a hard drive and to produce smaller productions on CDs and DVDs. Based on communications with the Government, the hard drive is expected to be delivered to the MCC by October 20, 2020.

Again, we are appreciative of the Government's assistance. However, even with a hard drive, CDs and DVDs, Mr. Rivera is unable to meaningfully review the discovery. Since he and other inmates remain on "lockdown," he only has anywhere from 1 to 4 hours per day out of his cell. This is an insufficient amount of time for him to shower, speak with his family and review discovery, on the single computer on his unit. Additionally, he is unable to review all of the discovery, as some of it is marked as "sensitive." We are in discussions with the Government and hope that the Government will no longer mark certain discovery productions as "sensitive" to facilitate Mr. Rivera's discovery review.[1] For instance, we have asked that the Government no longer mark Mr. Rivera's cellphone from 2015 as "sensitive" so that he can review its contents outside our meetings.

Simply put, Mr. Rivera needs greater access to his discovery. We propose three possible solutions, in order of Mr. Rivera's preference for each option.

We think the best option is for Mr. Rivera to be given a laptop or a tablet that he can use either in his cell or in an alternative area of his unit. We are aware that counsel for Mr. Andrews and the Government have been in discussions concerning the same issue and have stressed the need for their client to have a laptop or tablet. We agree. Without such a device, Mr. Rivera is denied his basic and fundamental rights to review the evidence against him and to prepare a defense.

Requests for laptops or tablets at MCC and MDC have been approved in several other cases. In *United States v. Brandon Jones*, 16 Cr. 553 (AJN) (S.D.N.Y.), Judge Nathan ordered that a laptop, that was disabled from internet access, be provided to Mr. Jones to use for the purposes of reviewing non-sensitive discovery materials. *See* Hr'g Tr., ECF No. 24. In a previous case we were appointed to, *U.S. v. Shulaya*, 17 Cr. 350 (LAP) (S.D.N.Y.), we requested and the MDC allowed Mr. Shulaya to have access several hours per day to a laptop in the attorney visiting area of the MDC. The Government purchased the laptop, loaded it with discovery and delivered it to MDC. This was done without the need for a court order. In *U.S. v. Pippins*, 19 Cr. 378 (PKC), co-defendant counsel in this

---

[1] "Sensitive" material is only viewable by Mr. Rivera in the presence of counsel. We cannot meaningfully review such material during video calls or during our meetings in the USMS cellblocks.

2

case, Lloyd Epstein, signed a stipulation with the Government allowing the defendant to receive discovery at MDC on a laptop or tablet. In *U.S. v. Ahmed*, 14 Cr. 277 (DLI) (E.D.N.Y.), the "Government provided a laptop with discovery to MDC for defendant's review" and the defendant was "given regular access to it." *See* Minute Entry on October 24, 2014. In *U.S. v. Budovsky*, 13 Cr. 368 (DLC) (S.D.N.Y.), after consulting with the government and defense counsel, the MCC "put a plan in place to enable the defendant to have access to a computer and accompanying media between 8 am and 8 pm on the weekdays and between 8 am and 3 pm on the weekends and holidays." ECF No. 229, filed 1/4/16.

In some cases, a court order has been required for the Bureau of Prisons to comply with orders regarding laptops. In *U.S. v. Posobilov*, 12 Cr. 626 (SJ), Judge Johnson issued an order directing the BOP to allow defendants' access to a laptop with hard drive and "unfettered access" to their laptops for review of unclassified materials. *See* Minute Entry on 1/16/15. In *U.S. v. Herron*, 10 Cr.615 (NGG) (E.D.N.Y.), the Government agreed to provide discovery on a laptop to a defendant at MDC. The MDC would not comply without court order, which Judge Garaufis issued. In *U.S. v. Roland*, 12 Cr. 298 (ES) (D.NJ), the Government agreed to provide discovery on laptop to a defendant at MDC. A Court order was required for the MDC to comply.

Our request to have a laptop or tablet made available to Mr. Rivera in his cell or on his unit also takes into account MCC staffing issues and COVID-related policies regarding inmate movement. If Mr. Rivera has access to a laptop or tablet on his unit, he can review his discovery daily without the need for additional staff supervision or movement.

In the alternative, we propose that Mr. Rivera be allowed to view his discovery hard drive and discs on the computers in the attorney visiting area at MCC for a certain number of hours each day or week. If neither the laptop/tablet nor attorney visiting area options are viable, we ask that Mr. Rivera be allowed daily access to the law library area of MCC, which is currently closed to the general population.

Thank you again and in advance for your assistance in resolving these issues and concerns.

Respectfully submitted,

/s/

Anthony Cecutti
Jennifer Louis-Jeune