LAW OFFICE OF ANTHONY CECUTTI
217 Broadway, Suite 707
New York, New York 10007
Phone: (212) 619-3730
Cell: (917) 741-1837
Fax: (212) 962-5037
anthonycecutti@gmail.com

October 27, 2020

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: United States v. Justin Rivera; 19 Cr. 131 (PAE)**

Dear Judge Engelmayer:

We write in advance of tomorrow's conference to further update the Court regarding Justin Rivera's access to discovery at the Metropolitan Correctional Center ("MCC").

We have been in communication with the Government concerning Mr. Rivera's access to discovery. As the Court is aware, the Government agreed to produce all non-sensitive material from discovery productions on a hard drive and to produce smaller productions on CDs and DVDs. Mr. Rivera received the hard drive on Friday, October 23, 2020.

Over the weekend, Mr. Rivera was transferred to the Special Housing Unit ("SHU") and placed under investigation. Currently, he does not have access to the hard drive or any of his property, including his legal materials. As such, we are concerned that Mr. Rivera will not have access to the discovery or his legal materials for an unknown period of time, despite being recently given one hour per weekday to review discovery, pursuant to a memo from the MCC.[1]  Additionally, the Government informed us that 2

---

[1] In a letter to the Court, dated October 23, 2020, the Government attached a letter from General Counsel, Nicole McFarland, stating that "Mr. Rivera has not requested extra time from the institution prior to the inquiry from the US Attorney's Office." This is incorrect. Mr. Rivera has made numerous requests to staff for access to discovery both before and during the COVID-19 pandemic. Such requests have been in writing and in-person. Further, prior counsel made requests for Mr. Rivera to access and review discovery. Likewise, we made similar efforts upon our appointment. Most recently, on October 22, 2020, we emailed Ms. McFarland requesting that Mr. Rivera be able to review discovery pursuant to a prior memo that provided Mr. Rivera access to his discovery on a hard drive and permitted review of the material on the drive in the law library and in the attorney visiting area, during the week (5 hours per day) and on

banker boxes of materials may be provided to Mr. Rivera.[2]  This was prior to his transfer to the SHU.

As such, we again request that the Court order the BOP to permit Mr. Rivera to have a laptop, and that he be permitted to use the laptop each day inside his cell or in another area of the MCC for a prescribed block of time.  As we indicated in our letter dated, October 15, 2020 (Dkt Entry # 529), laptops have been approved and utilized by defendants in several cases in the Southern and Eastern Districts.  Further, and as indicated by counsel for co-defendant Carl Andrews, laptops were recently authorized in *United States v. Zhukov*, 18 Cr. 633 (EK) and *United States v. Narzikukov*, 19 Cr. 223 (ILG).

If the Court is not inclined to order the BOP to permit Mr. Rivera to use a laptop, we request that the Court order the BOP to permit Mr. Rivera 5 hours per day to review discovery in the attorney conference area or the law library on a desktop.  This can be done even if he is in the SHU.  As stated, prior to the lockdown in February due to the presence of a gun inside the MCC and the continued lockdown in March because of COVID-19, Mr. Rivera had sufficient access to discovery.  From Monday to Thursday, he had 5 hours per day in the law library.  On Fridays, he had 3 hours in the attorney visiting area and 12 hours on Saturdays and Sundays to review discovery alone in the attorney visiting area on a desktop.  A memo was created to this effect and should be on file at the MCC.[3]  We presented this solution last week to the Government, and as mentioned, to the MCC, and have not received a response.

In light of the multiple instances where inmates at the MDC and MCC have been able to review discovery on laptops, it is frankly unclear why the MCC is not permitting Mr. Rivera to do so, especially with a trial looming.  Additionally, the MCC, via the Government, has not offered any reason to deny Mr. Rivera the opportunity to review discovery for a block of time each day in the attorney conferencing area on a desktop; an opportunity that was once granted to him.

Now, Mr. Rivera needs access to his discovery and legal materials, and additional hours once he does.  The only workable solutions we see are: 1) the provision of a laptop that he can use either in his cell or in an alternative area of the MCC; or 2) 5 hours per day of discovery review to be done in the attorney conference area or the law library.  Without either, Mr. Rivera is unlikely to be about to meaningfully review evidence that

---

weekends (Fridays, 5 p.m.to 8 p.m., Saturdays and Sundays, 8 a.m. to 8 p.m.).  We followed up again by email with Ms. McFarland and have not received a response.

[2] We emailed Ms. McFarland on October 22, 2020 regarding a delivery of two banker boxes the next day or over the weekend.  We did not and have not received a response.

[3] We asked the Government to locate this memo from the MCC, which we know exists based on email correspondence between Mr. Rivera's prior counsel and former MCC General Counsel, Adam Johnson. We also emailed Ms. McFarland last week, who informed us that she contacted the Education Department to try and locate its whereabouts.  We have not received a response.

the Government has collected that it believes supports the serious charges against him and to prepare a defense.

 Thank you again and in advance for your assistance in resolving these issues and concerns.

        Respectfully submitted,

        /s/

        Anthony Cecutti
        Jennifer Louis-Jeune