

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 31, 2020

**BY ECF and Email**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States* v. *Justin Rivera and Dwayne Conley*, 19 Cr. 131 (PAE)

Dear Judge Engelmayer:

    We write to inform the Court and the defendants that the U.S. Attorney's Office for the Southern District of New York ("USAO") learned for the first time two days ago, December 29, 2020, that the Federal Bureau of Investigation ("FBI") is in possession of certain phone calls and emails (the "BOP Materials") made, sent, or received by (i) defendants Justin Rivera and Dwayne Conley while detained at the New York Metropolitan Correctional Center ("MCC"); and (ii) other defendants charged in this case while in custody at the MCC or Metropolitan Detention Center ("MDC"), including three defendants (Lorenzo Randall, Ricarda Diamond, and Brian Smith, respectively) whose past statements (*e.g.*, statements in text messages made contemporaneously with the charged conduct) may be introduced at trial for the truth of the matter asserted. While the Government previously produced other prison calls and emails to the defendants, the majority of the BOP Materials have not previously been produced to the defendants.[1]

    The USAO understands that the BOP Materials were made, sent, or received between in or about February 2019 and December 2020,[2] and that they include:

---

[1] As described below, the USAO has produced certain prison emails to the defendants, which may overlap with the BOP Materials in the possession of the FBI. The USAO has not yet determined to what extent its previous production overlaps with the BOP Materials first identified this week.

[2] For some individuals, the date range of calls and emails included in the BOP Materials is shorter.

- For Mr. Rivera, approximately 266 recorded phone calls and 6,760 pages of emails;[3]

- For Mr. Conley, approximately 660 recorded phone calls and 7,679 pages of emails;[4]

- For Mr. Randall, approximately 600 recorded phone calls and 19,436 pages of emails;

- For Ms. Diamond, approximately 27 recorded phone calls and no pages of emails; and

- For Mr. Smith, approximately 177 recorded phone calls and 4,382 pages of emails.

As the USAO stated at prior Court conferences, the USAO was aware in June 2019 that the FBI obtained and had within its possession phone calls and copies of emails made, sent, or received by certain defendants through in or about June 2019 (the "Prior BOP Materials"). The USAO previously produced prison calls and emails, including the Prior BOP Materials, to the defendants in individual discovery. Based on communications with the FBI, the USAO believed that the FBI thereafter ceased to obtain prison calls or emails absent the USAO specifically requesting such materials.[5] This understanding was, however, apparently incorrect. On December 29, 2020, the USAO learned that the FBI had, in fact, continued to collect certain prison calls and emails and was thus in possession of the BOP Materials. The Government is in the process of investigating how this significant misunderstanding between the USAO and the FBI concerning the FBI's possession of the BOP Materials came to be.

---

[3] The USAO previously obtained and produced to Mr. Rivera's counsel emails that were sent or received by Mr. Rivera from the MCC between May 4, 2019 and October 18, 2019, and which totaled approximately 2,317 pages of emails.

[4] The USAO previously obtained and produced to Mr. Conley's counsel emails that were sent or received by Mr. Conley from the MCC between June 20, 2019 and September 3, 2019, as well as between September 17, 2019 and September 23, 2019, all of which totaled approximately 5,537 pages.

The USAO has also recently produced to defense counsel for both defendants as part of global discovery a small subset of the emails produced in individual discovery to Mr. Conley's counsel that Mr. Conley sent and received between September 17, 2019, and September 19, 2019. Those particular emails relate to allegations of witness tampering against Mr. Conley, as charged in indictment number S5 19 Cr. 131 (PAE).

[5] In September 2019, at the USAO's request, the FBI obtained certain emails from BOP relating to Conley's witness tampering. Those emails were previously produced to the defendants.

   In the last 48 hours, the Government has identified and begun collecting from the FBI the BOP Materials. Pursuant to the Government's obligations under Rule 16(a) of the Federal Rules of Criminal Procedure, the Government will produce forthwith: (i) to counsel for Mr. Rivera, those BOP Materials made, sent, or received by Mr. Rivera; and (ii) to counsel for Mr. Conley, those BOP Materials made, sent, or received by Mr. Conley. On a parallel track, the Government will expeditiously review all BOP Materials and disclose on a rolling basis to defense counsel any relevant information covered by Rule 16(a), *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, as such information is identified. The USAO does not intend to use, or otherwise rely on, any calls or emails not previously produced in discovery.

           Respectfully submitted,

           AUDREY STRAUSS
           Acting United States Attorney

       By: /s/
           Rushmi Bhaskaran
           Benjamin Woodside Schrier
           Daniel Wolf
           Assistant United States Attorneys
           (212) 637-2439 / - 1062 / - 2337

cc:  Counsel to Justin Rivera and Dwayne Conley (by ECF and Email)