UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>JUSTIN RIVERA, and<br>DWAYNE ANTHONY CONLEY,<br><br>       Defendants. | 19-CR-131 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

  The Court has reviewed the Government's letter of late afternoon on December 31, 2020 disclosing that it has recently learned that the Federal Bureau of Investigation ("FBI") is in possession of many hundreds of tape-recorded prison phone calls and many thousands of prison emails of defendants Justin Rivera and Dwayne Anthony Conley and three co-defendants. Dkt. 637. These calls and emails were made between February 2019, when this case was charged, and December 2020. The Government represents that it had not been aware that, after June 2019, the FBI was continuing to collect such recordings and emails, and that it therefore has not reviewed any calls or emails after that date nor produced any of these materials to any defendant. The Court has also received the December 31, 2020 letters from counsel for Conley,[1] counsel for Rivera, Dkt. 640, and the Government, Dkt. 638, with respect to Conley's request of December 28, 2020, Dkt. 626, on account of the COVID-19 pandemic, for an adjournment of the trial—which is scheduled to commence on February 16, 2021—until a date in the second quarter of 2021.

---

[1] Conley's counsel's letter of December 31, 2020, which the Court directed be filed in its December 28, 2020 order, Dkt. 627, has not yet been filed on the docket of this case, but counsel represented that they would do so by Monday, January 4, 2021. The letter affirms that Conley joins in his counsel's request for an adjournment.

The Government's disclosure of these non-produced materials has potentially significant consequences for the ongoing prosecutions of Rivera and Conley. While the prison calls and emails, which post-date the conduct in 2015 with which these defendants are charged by 4–5 years, may on review prove irrelevant, communications of this nature also have the potential to contain probative evidence and/or *Brady* and *Giglio* material, as reflected in the Government's commitment early in this case to produce the known prison calls as part of Rule 16 discovery. The Government's disclosure also has potentially significant consequences for the prosecutions of the other defendants charged in 19 Cr. 131, which resulted in guilty pleas and which, for some defendants, were based on allegations of far more recent criminal conduct. The Court expects the Government forthwith to disclose these developments to counsel for all charged co-defendants via publicly docketed letter(s). Regrettably, too, a thoroughgoing examination will be required of how this lapse occurred. The Court will take up these matters beginning at the telephonic conference scheduled for January 4, 2021, at 10:30 am. The Court expects the Government to take steps with the MCC to assure that both defendants are on that call promptly at 10:30 am.

For the time being, the Court orders the following:

1. <u>Urgent Transcription and Production</u>: Assuming that the Government intends to continue with the prosecution of defendants Rivera and Conley, it is urgent that all the non-produced tapes and emails be produced forthwith to the defense, and that rough transcripts of all tapes be transcribed and also produced forthwith. The Court expects and infers from the Government's letter that the process of production and transcription is underway already, and expects a quantitative report from the Government on Monday's call as to the volume of production and transcription to date. The trial date for both Rivera and Conley remains

February 16, 2021.² For trial to proceed on that date, an urgent determination must be made whether the recordings and emails have any bearing on this case. Fully recognizing the volume of labor required, the Court expects full production of all tapes, transcripts, and emails by Friday, January 15, 2021, a month before the trial date. Otherwise, a February 16, 2021 trial is necessarily unrealistic. If the Government's view is that it cannot accomplish this necessary pretrial work by that date, the Court expects the Government forthrightly itself to move for an adjournment, on the grounds that it is unable to timely meet its discovery obligations consistent with the trial date, and to explain why the exclusion of time from Speedy Trial calculations following February 16, 2021, to enable it to meet these obligations, would further the ends of justice and outweigh the interests of the defense and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). If the Government seeks an ends-of-justice exclusion of time to a new trial date in the second quarter on this basis, it would be well advised to reassess its position as to the defendants' continued pretrial detention.

2. <u>3500 Material</u>: All deadlines governing the production of 3500 material, and pretrial motions, remain in place and will do so barring an adjournment of the trial date. The Court authorizes the Government to produce the 3500 materials due on January 4, 2021, at 5:00 p.m. that day. In the event that an adjournment of the trial date is ordered after 3500 material has been produced, the Court will then entertain an application for an order directing the return of the 3500 material.

---

² Although as all recognize, developments regarding COVID-19 may well eventually require an adjournment of the trial date—and the Court remains solicitous of counsel's views on this point—the Court is not yet prepared to adjourn the trial on that ground. Jury trials in this District were successfully held last autumn and remain on track for February 16, 2021. And as of that day, Rivera and Conley will have been in pretrial custody for close to two years, including during the arduous conditions that have existed since mid-March. Further, the parties are not in consensus as to whether COVID-19 requires an adjournment. Only one party (Conley) has moved for an adjournment on that ground. Rivera opposes such an adjournment. The Government, while not opposing the adjournment sought by Conley if the Court acted *sua sponte* to adjourn Rivera's trial too, opposes Conley's adjournment motion unless Rivera's trial, over his objection, is also adjourned.

Given the time sensitivity of these issues, the Court is furnishing this Order by email to counsel for the Government, Rivera, and Conley, today, January 1, 2021.  It will be publicly docketed on Monday, January 4, 2021.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 1, 2021
      New York, New York