UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>JUSTIN RIVERA and<br>DWAYNE ANTHONY CONLEY,<br><br>Defendants. | 19-CR-131 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On January 6, 2021, the Court adjourned the trial of defendants Justin Rivera and Dwayne Anthony Conley, which had been scheduled to start on February 16, 2021, until June 1, 2021. Dkt. 653. The basis for the adjournment was the Government's disclosure, on December 31, 2020, that its case agents possessed voluminous prison tapes and emails of the defendants and their alleged co-conspirators ("the BOP materials") that had not been produced in discovery. The Court found that—although it was as-yet unknown whether the BOP materials, which long postdated the alleged offense conduct, would prove relevant—the time it would take the defense to review the new discovery necessitated an adjournment. *Id*. at 6–9. The Court estimated that the BOP materials would take counsel a solid four weeks to review, and directed the Government to expedite this review by, *inter alia*, preparing draft transcripts of the recordings. To assure that the new trial date would not need to move again, and in light of the state of the COVID-19 pandemic which had prompted counsel for both defendants to express concerns about the

1

viability of the February 16, 2021 trial date,[1] the Court set trial for June 1. *Id*. The Court has requested that the District's Board of Judges, which during the pandemic has been centrally assigning trial dates, set this case for trial on that date.

This Order resolves the issue of whether to exclude time between February 16 and June 1, 2021, from Speedy Trial Act ("STA") calculations, pursuant to 18 U.S.C. § 3161(h)(7)(A). At the time it adjourned trial until June 1, the Court deferred resolving that question. It recognized that, because the need for an adjournment arose from the Government's failure to timely produce discovery, a question would arise as to how much of the adjournment was properly excluded. The Court judged that the STA determination was better deferred until closer to February 16, 2021, for two reasons. First, the additional time would enable the Court to assess the volume of work that the late production of the BOP materials would occasion for the defense. Second, the Court recognized that there was a substantial risk that other events—in particular, the state of the pandemic—might independently justify the exclusion of time. The Court set a schedule for letter briefs on the issue. *See* Dkt. 653 at 11–13.

The Court has reviewed the letters on this point from the Government, Dkt. 693, Rivera, Dkt. 694, and Conley, Dkt. 695. The Government argues for an ends-of-justice exclusion under 18 U.S.C. § 3161(h)(7)(A) covering the period through the trial date; to the extent the Court

---

[1] Conley and his counsel, in fact, had moved for an adjournment of trial, presumably until some point in the second quarter of 2021, in light of the pandemic. Dkt. 626. In light of Rivera's desire that the trial not be adjourned, Rivera's counsel had not so moved, although they expressed concerns about the viability of a February 16 trial in light of the state of the pandemic. Dkt. 640. Both sets of defense counsel have declined, for many months, to visit with their clients in the Metropolitan Correction Center ("MCC") at times when the MCC was permitting in-person meetings between defendants and counsel, out of personal concerns of contracting COVID-19 while in the MCC. Before pandemic conditions precluded such meetings, the Court had arranged, as an alternative, for defense counsel to meet with their clients in the Marshals cellblock within the 500 Pearl Street courthouse.

declines to exclude time on account of the late production of the BOP material, it argues, the non-exclusion should be no more than four weeks. The defense argues that the non-exclusion should cover at least eight weeks.

The Court's judgment is that, since the Court's order of January 6, 2021, an independent development has occurred that justifies—indeed, requires—the exclusion of all time between February 16 and June 1, 2021. On January 21, 2021, the Court's chambers were notified that a serious illness required the substitution of Conley's existing counsel, Lloyd Epstein, Esq., and Judith Weil, Esq., who had represented Conley with vigor and agility since his arraignment. Dkt. 45. On January 27, 2021, the Court appointed Samuel Gregory, Esq., and Zachary Taylor, Esq., to represent Conley, following a phone conference at which the Court determined that incoming counsel had sufficient time to be ready to represent Conley at a June 1 trial. Dkt. 677.

Had the Court not moved trial to June 1 on account of the BOP materials, the wholesale substitution—save for a legal assistant whose service continues—of Conley's legal team would have independently required an adjournment of this length. For reasons reviewed at numerous conferences, the discovery in this case (independent of the BOP materials) is substantial, varied, and time-consuming to review. Incoming counsel must also master the long and complex history of this prosecution, including, as counsel will likely find instructive, the record of the trial of former co-defendant Carl Andrews, which was four days underway when the Court, on March 16, 2021, was obliged to suspend it (and later declare a mistrial) on account of the pandemic. And substantial work remains in the Conley/Rivera trial, including anticipated motions practice under Federal Rule of Evidence 412 with respect to the multiple victim witnesses. Complicating incoming counsel's representation are the challenges the pandemic presents for communications between counsel and clients. Although Messrs. Gregory and Taylor have stated that they will be

comfortable meeting with Conley at the MCC, lockdowns of that facility precluding such visits have periodically arisen during the pandemic. Particularly given the complexity of this case and the gravity of the charges, incoming counsel will need substantial time with Conley to prepare a trial defense. Trial is anticipated to last two weeks.

For these reasons, the Court, after considered review, is certain that, had Conley's need for new counsel been known before the BOP materials forced the adjournment of the February 16 trial date, the Court independently would have adjourned trial until on or about June 1.[2] An adjournment to enable new defense counsel to get up to speed is a familiar and compelling basis for an ends-of-justice exclusion under the STA. *See, e.g.*, *United States v. Shellef*, 756 F. Supp. 2d 280, 287 (E.D.N.Y. 2011), *aff'd*, 718 F.3d 94 (2d Cir. 2013) ("'ends of justice' exclusion of time under the Speedy Trial Act from June 24, 2009 to December 7, 2009 to allow new counsel time to file motions and prepare for trial"); *United States v. Columbo*, 418 F. Supp. 2d 385, 390 (S.D.N.Y. 2005) (time properly excluded where "briefing scheduled [was] revised to permit new counsel . . . to fully review discovery and to file motions"); *United States v. Oberoi*, 295 F. Supp. 2d 286, 298 (W.D.N.Y. 2003) ("[D]efendant's new counsel requested the additional time to review discovery and file motions . . . . The granting of an extension under these facts and circumstances did not subvert the ends of justice[.]"); *United States v. Cruz*, 907 F. Supp. 87, 93 (S.D.N.Y. 1995), *aff'd sub nom. United States v. Padilla*, 116 F.3d 466 (2d Cir. 1997) ("[D]efendant asked for additional time . . . so that his new counsel could acquaint himself with the case. All of these delays were justified and appropriate[.]"); *United States v. Cafaro*, No. 86

---

[2] Before being sidelined by illness, Conley's initial counsel had, in fact, urged the Court to adjourn trial, on the grounds that the likely abatement of the pandemic and the wider availability of vaccines would make a later trial safer for the participants. Dkt. 626.

Cr. 245 (MJL), 1988 WL 138180, at *13 (S.D.N.Y. Dec. 14, 1988) (STA exclusion for defendant to obtain new counsel).

An adjournment on this ground would also have necessitated the adjournment of Rivera's trial. The defendants are properly tried jointly on the sex-trafficking and related charges in the case, which relate to sex trafficking in collaboration with, *inter alia*, defendant Lorenzo Randall in or around the "Bohemia House" on Long Island during a four-month period in 2015. And in earlier severing Andrews's trial from that of Conley and Rivera, the Court determined that Conley and Rivera were properly tried together. Had a severance motion been made by Rivera, the Court would not have severed the defendants' trials, which would have resulted in trying Rivera on February 16 and Conley on June 1 in largely duplicative trials three-and-a-half months apart. The Court would have so ruled fully mindful that the adjournment would have elongated, by three-and-a half months, Rivera's tenure in federal pretrial custody.[3]

The Court will therefore exclude all time between February 16 and June 1, 2021, under 18 U.S.C. § 3161(h)(7)(A), to enable Conley's newly appointed counsel to get up to speed in this complex and challenging case and to prepare for trial. In finding time properly excluded until June 1, the Court finds that the ends of justice outweigh the interests of the public and the defense in a speedy trial.

It is therefore a moot question whether and to what extent a STA exclusion would have been merited had the adjournment of trial been justified only on account of the discovery of the BOP materials, as opposed to being independently justified by the regrettable but unavoidable need for the appointment of successor counsel for defendant Conley. For the record, had the

---

[3] Rivera is in federal custody on a writ from New York State. Counsel have notified the Court that Rivera's state custody ended on February 11, 2021. Rivera's custody following that day is uniquely attributable to the charges in this case.

Court had occasion to resolve that issue, the Court expects that it would have excluded all but four weeks of the time between February 16 and June 1, largely for the reasons stated in the Court's order of January 6, 2021, *see* Dkt. 653 at 12–13, and by the Government in its recent letter, *see generally* Dkt. 693.

    SO ORDERED.

_____<br>
PAUL A. ENGELMAYER<br>
United States District Judge

Dated: February 15, 2021
       New York, New York