UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

JUSTIN RIVERA,

Defendant.

19-CR-131-02 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Trial in this case is scheduled to commence on June 2, 2021. The Court late yesterday received a letter from the Government (Dkt. No. 763) attaching a letter from a staff attorney at the MCC (Dkt. No. 763-1). The letters set out the MCC's position with respect to defendant Rivera's access to his laptop and to his counsel.

The Court respects the MCC's views and appreciates the MCC's frustration with Rivera, given his serial violations of and disrespect for prison rules. Nonetheless, with critical pretrial motions imminent, and trial scheduled to begin in a little more than a month, the Court perceives as paramount the need for Rivera and his counsel to be able to prepare adequately for trial. The Court accordingly orders the following:

1. **Laptop access**: The Court had been prepared to rescind its order that Rivera have access in his cell to his laptop, given his recent possession of a contraband cellphone, provided the MCC could assure him 20 hours per week elsewhere (the law library) of access to the laptop. However, in light of the MCC's inability to commit to giving Rivera more than 10 hours per week time in the law library, it remains necessary that Rivera have access to the laptop while in his cell. That is so whether Rivera is held in

1

regular custody or, as at present, the SHU. The Court therefore leaves in place its order that Rivera have access to his laptop while in his cell. (Although not necessary to this ruling, the Court notes that, while Rivera is in the SHU, it is presumably less likely that he will be able to secure access to a contraband phone.)

2. **Access to counsel**: Since January, the Court has ordered the MCC to give Rivera 10 hours per week video-conference time with his counsel. This order was initially entered to enable counsel and Rivera to review and discuss the "BOP materials" – more than 1,000 recordings and voluminous emails which the Government disclosed on December 31, 2020. More recently, such visits became necessary to enable counsel and Rivera to discuss the rounds of important 3500 material that are being produced to defense counsel (although given its sensitivity, generally not to Rivera outside the presence of counsel) and on which pretrial motions and trial preparation are likely to turn. The Court agrees with the MCC that, with counsel now comfortable meeting in person with Rivera, counsel should attempt, as much as possible, to schedule legal visits in person. Paramount, though, is that Rivera be assured 10 hours per week with his counsel during this critical period. The MCC's letter does not commit to giving Rivera and his counsel 10 hours per week of such in-person visits. It is therefore necessary for the Court's order guaranteeing Rivera and his counsel 10 hours per week of video-conferencing time to remain in place.

The Court respects the MCC's view that Rivera has exhibited "nefarious intentions" and that his misconduct merits sanctions (Dkt. No. 763-1 at 1). The MCC is at liberty, consistent with governing rules, to impose such sanctions. But these sanctions cannot override the Court's orders above. The Court reminds the MCC that its institutional competence does not extend to

assessing the need of the defendant in this case, who faces imminent trial on serious charges, for access to discovery and to counsel in the weeks preceding and during trial. The Court's careful assessment is that the orders above are important to securing Rivera's right to a fair trial in the particular circumstances of this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 28, 2021
New York, New York