UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

JUSTIN RIVERA,

                 Defendant.

19-CR-131-02 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received the attached handwritten letter from defendant Justin Rivera, which was furnished to the Court by defense counsel. The Court will treat the letter as a motion made by Mr. Rivera personally, as authorized by the Court at the May 12, 2021 conference. The Court directs the Government to respond to this letter, by Thursday, May 20, 2021.

    SO ORDERED.

                                             *Paul A. Engelmayer*
                                          PAUL A. ENGELMAYER
                                          United States District Judge

Dated: May 17, 2021
       New York, New York

# EXHIBIT A

Honorable Paul A. Engelmayer,

Your honor, in light of my rapidly approaching trial date I feel it necessary to write to the court directly to address some concerns of mine while also seeking the clarification of others.

So if your honor will allow me I will start with my concerns surrounding the destruction of video footage that was ordered by the court on March 13, 2019 to be produced. In fact this video footage consisting of the surveillance of m co-defendant Curt Andrews' residence was not only never produced but was deleted/destroyed. A question that haunts me is; why, if this residence was in fact a "sex trafficking headquarters" and "drug distribution center", as alleged by the government why would the surveillance footage of such a residence be deleted/destroyed with no copies made if it in fact supported such allegations. Maybe this question does not interest your honor as much as it does myself, however maybe this one will; does Justice allow for the destruction of evidence? Or is it that the Government is permitted to work and operate outside the confines of the Law

My next concern is related to a cellular telephone that was in fact

destroyed recently by detective James Johnson. Due to the inference that said detective had "on-going relations" with a victim named in the original indictment Mr. Johnson's cellular telephone records were requested by my co-defendant Carl Andrew. Upon such request being made before the Honorable Gary R. Brown, detective Johnson claims to have dropped his phone causing the deletion/destruction of all data contained on his phone. This is a clear attempt to destroy evidence of Mr. Johnson's nefarious deeds. As if that was not enough Mr. Johnson then traveled to the verizon store himself to personally ensure that this data was in fact unretrievable. I would like to note also that Mr. Johnson is a detective for the same agency, Suffolk County Police Department, that deleted/destroyed the formerly mentioned video footage.

Also for the record detective James Johnson is the "TFO" who in fact handled the cellular phones seized in my October 2015 arrest when they were requested by the southern district. As you know there has been an on-going discrepancy concerning the number of phones originally seized. If it means anything your honor knows how many phones I had in my car and what was seized from me. There were six (6) phones in my vehicle. So

I just would like the record to reflect that detective James Johnson did in fact handle these phones before they were presented to the AUSA's of the southern district.

Finally, your honor, I would like to bring to your attention the recent developments taking place in my co-defendant Carl Andrews case concerning a privately retained private investigator. This private investigator, Mr. Manuel Gomez, submitted a letter to the Honorable Gary R. Brown in response to allegations of witness tampering. In this letter, which I have attached for your reading, Mr. Gomez not only denies the allegations but also claims to have a video recording of his interview with a victim named in the original indictment and her step-father. More importantly, in Mr. Gomez' letter he states; "After further investigation, I learned that officer James Johnson and the sex trafficking unit he belongs to are under scrutiny and involved in numerous civil lawsuits for civil rights violations, willful destruction of evidence, coercion, and fabrication of evidence." Gomez goes on to cite the cases and states further, "These cases clearly show there is a disturbing sweeping pattern of corruption and willful destruction of evidence involving officer Johnson and

the sex trafficking unit". I feel compelled to make you abreast to these recent developments to ensure the sanctity of justice is not compromised. Also it's to ask the court personally to ensure that it is in fact justice and a fair trial that I will be afforded, which seems to be impossible being that evidence has already been destroyed on multiple occasions and questionable, unethical and illegal tactics have been used to bring forth this case and propel it to a trial.

WHEREFORE, for all the reasons stated above and any others that appear to this court, I, Justin D. Rivera, respectfully request your honor to at the very least order Mr. Manuel Gomez to present the results of his investigation before the court and for your honor to run to ground the above mentioned issues and concerns and address that on the record, and for whatever further and additional remedy this court deems just and fair.

Respectfully Submitted,
Mr. Justin D. Rivera
*Justin D. Rivera*

CC: Personal file
Anthony Cecutti, esq.

12th May 2021

STEPHEN A. ESPINET
Notary Public, State of New Yo[rk]
No. 01ES6194593
Qualified in Kings County
Commission Expires October 6,

# BLACK OPS PRIVATE INVESTIGATORS INC.

May 4, 2021

Honorable Gary R. Brown
United States District Judge
Alfonse M. D'Amato United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

**Regarding: United States vs Carl Andrews, No. 20 Cr. 546 (GRB)**

Dear Judge Brown,

My name is Private Investigator Manuel Gomez. I respectfully write to inform the court of a concerning development in the above-mentioned case. On May 2, 2021, a letter was sent to you from US Attorneys Audrey Strauss, Rushmi Bhaskaran, Benjamin Woodside Schrier, and Daniel H Wolf. The letter sent to you by the US Prosecutors was filled with multiple false statements in an attempt to mislead the court.

I was hired by the family of Mr. Andrews because his case has been rendered fundamentally unfair because of all the unethical and duplicitous behavior conducted by the federal prosecutors, defense attorneys, and the law enforcement involved in this case. Mr. Andrews experienced numerous Brady violations and violations of his 14th and 4th amendment rights.

The letter states that I visited the residence of Victim-1 [REDACTED]. In the letter, it states that I harassed Victim-1's mother and stepfather, and that I refused the leave the premises, despite multiple requests. I have a video of my interaction with the family. The video proves that the stepfather or mother never ask for me to leave the premises, especially because the mother did not arrive until I left the house. She asked me who I was. I identified myself and gave her my business card. This proves that the Federal Prosecutors have lied to the Court, **violating the NY State Code of Conduct – Fairness to Opposing Party and Counsel (3.4[a][4]). By creating false evidence and by attempting to mislead the Judge, by making allegations of something that never occurred, the prosecutors violate the NY State Code of Conduct – Violating the rule on Truthfulness in Statements to Others (4.1)**

The letter also states that I told the mother and stepfather that the sex trafficking charges in the case had been dismissed because the Court found the conduct to be consensual and that Victim-1 was a willing participant. Again, the video proves that this is also a lie by the Prosecutors to deceive the Court and again they **violate the NY State Code of Conduct – Violating the rule on Truthfulness in Statements to Others (4.1)**

The video begins with me leaving my car, and the video ends with the stepfather saying to me, "Whoo, I don't know how you do your job" (referring to the conversation with his stepdaughter). During my conversation with Victim-1, her mother was not home. The mother came in at the end of the conversation. Additionally, at no time did the stepfather ask me to leave. The stepfather called Victim-1 on my behalf and handed his phone to me so that I could ask my questions to her. This is clearly seen in the video. The stepfather was with me during the conversation, and at no time did he ask for his phone to be returned. He never asked me to stop questioning his stepdaughter, nor did he ask for me to leave his home. These lies show how the prosecutors are **violating the NY State Code of Conduct – Fairness to Opposing Party and Counsel (3.4[a][4]). By creating false evidence and by attempting to mislead the Judge, by making allegations of something that never occurred, the prosecutors violate the NY State Code of Conduct – Violating the rule on Truthfulness in Statements to Others (4.1)**

In the letter from the Government, I am accused of speaking to Victim-1 in an attempt to harass, intimidate, or tamper with her. Again, the video proves that this is a lie. Yet again, this violates **NY State Code of Conduct – Violating the rule on Truthfulness in Statements to Others (4.1)**. This is a blatant attempt by the prosecutors to prevent me from investigating the corruption in this case. In speaking with Victim-1, I was simply following the evidence and wanted to question her. I went to the house of Victim-1's family because Officer James Johnson allegedly dropped his phone so hard that he destroyed the evidence of his dealings with Victim-1. The officer then took his phone to Verizon to verify that the evidence was unretrievable. This mere fact is unethical in that the officer took the phone on his own to verify that evidence was destroyed when the forensic analysis of this phone should have been done internally within the police department. This again proves there is corruption by law enforcement in this case. What I find equally unconscionable is the fact that no penalty was given to this Officer for the willful destruction of evidence. Even the pole camera video

2820 Middletown Road
Suite 19
Bronx, New York
10461

PHONE (347) 867-6242

www.BlackOpsPrivateInvestigators.com

evidence was destroyed by law enforcement in this case. The video of me speaking with the family of Victim-1 shows the manner in which I conversed with the stepfather and the context of my interview with Victim-1. At no time during the video do you see me harass, intimidate, or force Victim-1 or her family to speak to me. The video unequivocally proves that my conduct was proper and professional.

In the video, you can clearly hear me state numerous times that the sole purpose of my visit was to gather information on the corrupt police officer, James Johnson. The false allegations made by the prosecutors have violated the federal due process guaranteed under the US Constitution to Mr. Andrews. The video proves that these prosecutors have made deliberately false statements to the Court, violating the **NY State Code of Conduct – Fairness to Opposing Party and Counsel (3.4[a][4])**. In addition, by creating false evidence and by attempting to mislead the Judge, by making allegations of something that never occurred, the prosecutors violate the **NY State Code of Conduct – Violating the rule on Truthfulness in Statements to Others (4.1)**

There is also an issue with the defense attorneys Susan Killman and Ezra Spilke. Attorney Killman sent a letter to the Court stating that she was never informed that Mr. Andrews hired me to help find information about his case. In fact, Attorney Killman was told numerous times on the recorded federal prison phone that Mr. Andrews hired me (between March 25 – May 2 2021), and Attorney Killman was aware of the reasons why I was retained.

I respectfully request that the Court review the recorded phone conversations between Attorney Killman and Mr. Andrews which were conducted on the prison phone. These recordings are still available on the prison database. These recordings will prove beyond a shadow of a doubt that Attorney Killman lied to the court, and she violated **NY State Code of Conduct – Violating the rule on Truthfulness in Statements to Others (4.1)**.

I would like to inform the Court that Mr. Andrews has received his Brady evidence from the federal prosecutors more than a year after his mistrial, which violates Brady Rule **(Brady v. Maryland (1963))** which requires prosecutors to disclose materially exculpatory evidence to the defense.

The malicious behavior and deception by the prosecutors and defense attorneys, and the willful withholding of Brady evidence by the prosecutors, shows a pattern of unethical behavior and corruption within this case. This is why it was imperative for me to speak with Victim-1.

After further investigation, I learned that Officer James Johnson and the sex trafficking unit he belongs to are under scrutiny and involved in numerous civil lawsuits for civil rights violations, willful destruction of evidence, coercion, and fabrication of evidence. The cases are Adeleke v Johnson, 20-CV-5224; Gordon_v_Suffolk_County_et_al_nyedce-21-01-653_0001.0; and Purcell v Dasalva, 19-CV-1695. These cases clearly show there is a disturbing, sweeping pattern of corruption and willful destruction of evidence involving Officer Johnson and the sex trafficking unit.

In closing, I ask the Court to review the video of my conversation with Victim-1 and her stepfather to see that there was no improper behavior conducted in the meeting. I also ask the Court to review the federal prison phone recorded conversations between Mr. Andrews and his Attorneys Killman and Spilke between March 25 – May 2. The Court will see clearly that the prosecutors and attorneys have deliberately lied to the Court and should be penalized and sanctioned.

Judge Brown, I will be at the May 5, 2021 hearing to play my video for you. I respectfully request entrance to the hearing on May 5 so that I can present the evidence proving the malicious behavior and deception to the Court by the prosecution and defense attorneys in this case.

Respectfully

Private Investigator
Manuel Gomez