

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 2, 2021

**By ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> Re:   *United States v. Justin Rivera*, 19 Cr. 131 (PAE)

Dear Judge Engelmayer:

The Government respectfully submits this letter in response to the defendant's June 2, 2021 letter (Dkt. 829) seeking to cross examine a Government witness, Geraldine Perez, regarding a three-week long marriage she entered into approximately 26 years ago under false pretenses, and which she annulled upon being informed of those false pretenses. For the reasons set forth below, the Court should preclude the defendant from cross examining Ms. Perez regarding the circumstances surrounding her annulled marriage.

### Background

At a meeting with the Government on May 30, 2021, Ms. Perez informed the Government that, when she was approximately 18 years old, she was married for approximately three weeks. At the time, Ms. Perez was working as a cashier in a store. Ms. Perez's manager asked her to marry a man who was married to a woman in a foreign country, and explained to Ms. Perez that the man wanted to marry because he did not want his wife to have access to his business. Ms. Perez was not promised anything in exchange for entering into the marriage. Ms. Perez did as her manager asked, and married the man. Shortly thereafter, Ms. Perez learned that the real reason the man wanted to marry her was because he wanted a "green card," *i.e.* to establish legal permanent residency in the United States. Immediately upon learning this, Ms. Perez took steps to have the marriage annulled. Ms. Perez does not remember the man's name.

### Legal Standard

A trial court has "wide discretion to impose limitations on the cross-examination of witnesses." *United States v. Flaharty*, 295 F.3d 182, 190 (2d Cir. 2002); *see* Fed. R. Evid. 611(a) (noting that courts "shall exercise reasonable control" over cross-examination to "avoid needless consumption of time" and to "protect witnesses from harassment or undue embarrassment") and 611(b) (limiting scope of cross-examination of witnesses to subject matter of direct examination and matters affecting credibility of witness). More specifically, under Federal Rule of Evidence

608(b), the trial court may restrict cross-examination about certain instances of prior conduct by a witness if it finds that the conduct is not probative of truthfulness. *See* Fed. R. Evid. 608(a) & (b); Fed. R. Evid. 608(a), Advisory Committee Notes ("In accordance with the bulk of judicial authority, the inquiry is strictly limited to character for veracity, rather than allowing evidence as to character generally."). Rule 608(b) "'does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness.'" *United States v. Schlussel*, No. 08 Cr. 694 (JFK), 2009 WL 536066, at *3 (S.D.N.Y. Feb. 27, 2009) (quoting *United States v. Nelson*, 365 F. Supp. 2d 381, 386 (S.D.N.Y. 2005)).

Further, as discussed above, even if such prior conduct is relevant, the trial court may still exclude cross-examination of such conduct if it finds that the "probative value [of the testimony] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *accord United States v. Devery*, 935 F. Supp. 393, 407-408 (S.D.N.Y. 1996) ("Such [prior] acts are only admissible insofar as they bear on a witness's propensity for truthfulness or untruthfulness, and, even if the prior act does concern the witness's character for truthfulness under Rule 608(b), its probative value must not be substantially outweighed by its unfairly prejudicial effect under Rule 403."); *United States v. Agostini*, 280 F. Supp. 2d 260, 261 (S.D.N.Y. 2003). As Judge Weinstein explained in his treatise, "[s]ide excursions into the witness's past, usually unrelated to the substantive issues being tried, create a real danger of confusing the issues and prolonging the trial." Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 608-9[2] (2d Ed. 1997).

Applying these principles, courts within this Circuit have used their wide discretion over the scope and extent of cross-examination to preclude defense cross-examination into a witness's personal affairs or prior bad acts—even when those acts involved very serious misconduct—that have little or no bearing on the witness's veracity. *See, e.g., United States v. Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978) (approving trial court's prohibition of cross-examination into witness's prior deviant sexual conduct where "[t]he evidence's bearing on the witness's propensity to tell the truth" was "too tenuous"); *United States v. Agostini*, 280 F. Supp. 2d at 261 (precluding cross-examination into Government witness's prior arrests for misdemeanor assault, menacing and aggravated harassment of witness's girlfriend); *United States v. Nosov*, 221 F. Supp. 2d 445, 448 (S.D.N.Y. 2002), *aff'd*, 119 F. App'x 311 (2d Cir. 2004) (precluding cross-examination into Government witness's involvement with pornographic business enterprise where such inquiry would not be "probative of [witness's] truthfulness" and would serve only to "inflame the jury"); *Devery*, 935 F. Supp. at 408 (precluding cross-examination into Government witness's prior deviant sexual conduct at trial "because whatever probative value it may have had would have been substantially outweighed by its prejudicial effect").

**Discussion**

The Court should preclude cross-examination regarding Ms. Perez's prior marriage for three independent reasons.

First, Ms. Perez's prior marriage has little or no bearing on her veracity. Even the defendant strains to articulate *how* this remote incident is probative of Ms. Perez's character for

truthfulness pursuant to Rule 608(b), focusing instead on the act of marriage "made under oath and attested to on official government documents." Dkt. at 829. However, while 18-year-old Ms. Perez's naiveté in agreeing to enter into the marriage may have some bearing on 18-year-old Ms. Perez's judgment or character with respect to entering into the marriage, it has no bearing on Ms. Perez's character for truthfulness. Indeed, more probative of her character for truthfulness are the steps she took to annul the marriage as soon as she learned that the marriage was intended to provide a basis for seeking lawful permanent residency.

Second, even if Ms. Perez's prior marriage could be seen to have some bearing on her veracity, any potentially probative value of cross-examination on this topic is substantially outweighed by the danger of unfair prejudice and confusion of the issues, and should be precluded pursuant to Rule 403. Ms. Perez's decision to, at the behest of her supervisor, marry a man who she later learned intended to use the marriage to obtain lawful permanent resident status – an event that took place 26 years ago, when she was 18 years old – is precisely the type of "[s]ide excursion into [a] witness's past, usually unrelated to the substantive issues being tried," that would "create a real danger of confusing the issues and prolonging the trial." Weinstein's Federal Evidence, § 608-9[2] (2d Ed. 1997). Cross-examination regarding this topic would simply be to attempt to embarrass Ms. Perez before the jury for a pressured decision she made regarding her personal affairs when she was 18 years old and which she quickly took steps to rectify once the true intentions behind the marriage were made clear to her.

Third, the Government anticipates that the defense will have ample basis to conduct a full cross-examination of Ms. Perez on topics relevant to this case, including her motives, potential biases, and credibility based on her prior statements to the Government, the testimony of her daughter, Victim-1, and statements made by other, non-testifying, witnesses regarding the events relevant in this trial.

Based on the foregoing, the Government respectfully requests that the Court preclude cross-examination of Ms. Perez regarding her prior, annulled marriage.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: ____/s/_____
Thomas S. Burnett
Daniel H. Wolf
Negar Tekeei
Assistant United States Attorneys
(212) 637-1064 / -2337 / -2482